**E. REGENSBURG & SONS v. HIGGINS,**
Collector of Internal Revenue, et al.,
and fourteen other cases.

Circuit Court of Appeals, Second Circuit.
Oct. 29, 1935.

Paskus, Gordon & Hyman, of New York City (Arthur B. Hyman, Joseph C. Slaughter, and Charles H. Lieb, all of New York City, of counsel), for appellant E. Regensburg & Sons.

Davis & Wagner, of New York City, for appellant Wheatena Corporation.

Breed, Abbott & Morgan, of New York City, for appellant Borden Mills, Inc.

Hughes, Schurman & Dwight, of New York City, for appellant Corn Products Refining Co.

Hall, Cunningham, Jackson & Haywood, of New York City, for appellant American Maize-Products Co.

Samuel Blumberg, of New York City, for appellant Klein Cigar Co.

Chamberlin, Kafer, Wilds & Jube, of New York City, for appellant Paniplus Co.

Sullivan & Cromwell, of New York City, for appellants Henrietta Mills, Beaver Mills, Clyde Fabrics, Inc., Martel Mills Corporation, Standard Milling Co.

Miller, Owen, Otis & Bailly, of New York City, for appellant Hygrade Food Products Corporation.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City, for appellant National Biscuit Co.

Francis H. Horan and Edward J. Ennis, Asst. U. S. Attys., both of New York City, for appellees.

Before MANTON, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

Appeals are pending and have been argued in the first-named thirteen causes herein, and the applications to vacate the stays in those cases are herein considered together. In the National Biscuit Company Case a stay is applied for.

These cases involve the constitutionality of the Agricultural Adjustment Act of May 12, 1933, 48 Stat. 31, as amended Aug. 24, 1935, 7 USCA § 601 et seq. They are suits seeking to enjoin the collection of processing taxes levied under the act. The taxpayers have appealed. The government moves to vacate the temporary stays pending appeal which have been granted by the court below. The National Biscuit Company applies in this court for a stay pending its appeal.

The constitutionality of the tax under this act is now in the Supreme Court on certiorari from the Circuit Court of Appeals. Butler et al. v. United States, 78 F.(2d) 1 (1st Circuit), certiorari granted Oct. 14, 1935, 56 S. Ct. 144, 80 L. Ed. ——. An application has been made for preference in argument. The briefs submitted on these applications indicate that there are some eleven hundred suits pending in the various federal courts bringing into question the constitutionality of this act. Some of the Circuit Courts of Appeals have granted stays against the collection of the taxes. Each of the appellants, except the National Biscuit Company, has either made provision for payment of the tax in cash or filed a bond for its payment during the time of the pending suit. Not intending to express an opinion as to the merits of the injunctive relief prayed for in the appeals pending and which are now sub judice, we think that the temporary stay should be continued until the Supreme Court has passed upon the constitutionality of the act or until this court decides the cases pending before it. Under these circumstances, we deny the application to vacate the stays, and will grant a stay in the National Biscuit Company Case on condition that it file a bond or pay into court the amount of the tax assessed, pending the period of the stay.

An order will be entered accordingly.